

FILED & ENTERED

JAN 28 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY toliver      DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>FRENCHEE LATRESE HORSLEY,<br><br><br><br><br><br>Debtor,<br><br>TANGIA DICKSON,<br><br>Plaintiff,<br><br>vs.<br><br>FRENCHEE LATRESE HORSLEY,<br><br>Defendant. | Case No.: 6:10-bk-13963-TD<br><br>Adversary No.: 6:10-ap-01366-TD<br><br>Chapter: 7<br><br>MEMORANDUM OF DECISION AFTER TRIAL AND DISPOSING OF DEFENDANT'S WRITTEN MOTION FOR JUDGMENT ON THE PLEADINGS<br><br><br><br>Date:   September 30 and October 29, 2010<br>Location: Courtroom 1345, Los Angeles |

This dispute arose between two half-sisters.  Tangia Dickson ("Dickson"), the plaintiff,

loaned Frenchee Latrese Horsley ("Horsley") money in 2008.  Dickson timely sued Horsley

seeking nondischargeability claiming that the debt was incurred fraudulently and also that

Horsley "is precluded from discharge because she has made numerous material false oaths and accounts in her bankruptcy petition."

Horsley, through her attorney, moved to dismiss Dickson's initial complaint for lack of specificity pursuant to Federal Rule of Bankruptcy Procedure Rule 7009.  In response, Dickson filed her First Amended Complaint, Horsley filed an Answer and the lawsuit was set for trial.

At trial, Horsley moved for judgment, first orally, on September 30, then in writing filed on October 1, 2010.  I deferred ruling on Horsley's motion until conclusion of the trial.  Both sides rested at the end of the second day of trial, closing statements were made and the matter was taken under advisement.

Based on my review of the oral and documentary evidence of the parties and Horsley's written motion, the following are my findings of fact and conclusions of law.

Dickson's § 523(a)(2)(A) claims have been proven by a preponderance of the evidence. There was no dispute that Dickson loaned Horsley $21,341.45 between June and August 2008.  The loans were made partly in justifiable reliance by Dickson on Horsley's promise made at the time of the first of several advances that Horsley expected to receive "retroactive" payment from her employer as a result of a pending union negotiation.  Although Horsley did not know the timing or the amount of the payment she might receive, she represented to Dickson that she would turn over to Dickson the "retroactive" check that she expected to receive in partial repayment of the loans to be made by Dickson.  (Trial Transcript, October 29, 2010, 49:19-52:12, including Exhibit 12).

The evidence established that Horsley reasonably expected a retroactive payment from her employer.  Even though the amount to be received was uncertain, Dickson's evidence was sufficient to support an inference and conclusion that Horsley reasonably expected to be paid

1
2
"retroactively" and that she promised to give Dickson the retroactive check in order to induce

Dickson to loan Horsley money.  (Id.)

3
4
      Horsley also promised Dickson at the time of Dickson's first advance that in further

5
6
partial repayment Horsley would turn over to Dickson federal and state tax refunds that

Horsley expected to receive based on 2008 tax withholdings for her earnings and later 2008

7
tax returns.  The evidence supports the inference and conclusion that Horsley reasonably

8
9
expected substantial future tax refunds based on her 2008 earnings and income tax

withholding payments.  (Id.)

10
11
      Horsley's promises as set forth above were both false and material.  Both promises

12
were made by Horsley with an intent to deceive Dickson.  Dickson justifiably relied on both

13
promises and was proximately damaged as a result in the sum of $7,772.36, the approximate

14
total sum of the retroactive payment from Horsley's employer and Horsley's tax refunds

15
16
received after filing her state and federal tax returns.  As a result, Dickson is entitled to

17
judgment against Horsley in the sum of $7,772.36, nondischaregeable under § 523(a)(2)(A).

18
      As for Dickson's claims under § 727(a)(4)(A), Horsley's motion for judgment filed herein

19
on October 1 is granted.  Dickson's initial Complaint alleged vaguely, as to § 727(a)(4)(A), that

20
"Debtor is precluded from discharge because she has made numerous false oaths or accounts

21
22
in her bankruptcy petition."  Horsley responded by moving to dismiss Dickson's suit for lack of

23
specificity under Rule 7009.  Dickson, in her First Amended Complaint, added allegations that

24
Horsley's [Schedule I] deductions of $336.36 per month for health insurance were overstated

25
since her health insurance deduction actually was only $166.68 per month.  Thus, Dickson

26
claimed, "She lied in order to indicate that she had no net disposable . . . a fraud upon the

27
court."  Secondly, Dickson's First Amended Complaint alleged that Horsley "failed to list her

28

[credit union] bank account [one of four overdrawn bank accounts Horsley had] in her Schedules. . . . She has an account which she did not list."

At trial, Horsley's evidence demonstrated that both the health insurance deductions and the failure to list one of four overdrawn bank accounts were careless oversights that had no material effect on the administration of Horsley's bankruptcy estate and no adverse effect on Dickson's claim against assets of the estate. As the evidence here demonstrated, Horsley's chapter 7 Schedule I payroll deductions from earned income postpetition did not affect creditors of her estate.

Horsley also testified and the evidence established that when Horsley filed her bankruptcy petition the omitted bank account had a negative balance. In the first place, the account was overdrawn and, secondly, Horsley claimed the account was negligently, not fraudulently, overlooked by both Horsley and her lawyer.

Dickson failed to demonstrate the materiality of either error, especially given Dickson's extensive, detailed knowledge of Horsley's financial affairs and records throughout the period in dispute, as demonstrated by Dickson's exhaustive display of evidence, and her knowledge of Horsley's financial affairs through her testimony and cross examination of Horsley. Dickson's allegations and evidence do not establish a basis for a finding of "knowing" or "fraudulent" wrongdoing within the meaning of § 727(a)(4)(A).

Consistent with the foregoing, Horsley's written motion for judgment, as presented in court on September 30, and filed on October 1, is granted.

Dickson identified many other documents and offered testimony about numerous other issues she had concerning Horsley's conduct and asserted other omissions from Horsley's bankruptcy schedules. Horsley's attorney's oral objections to such issues, testimony and documents were sustained countless times, and I had to admonish Dickson numerous times

- 4 -

1   after Horsley's objections were sustained that Dickson's comments and questions went

2   beyond the scope of Dickson's First Amended Complaint and raised issues that were irrelevant

3   and not properly before the court for determination in light of Horsley's motions and objections.

4          Judgment will be entered in favor of Horsley on Dickson's claims for denial of Horsley's

5

6   discharge pursuant to § 727(a)(4)(A).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   DATED: January 28, 2011

                               _____
                               United States Bankruptcy Judge

26

27

28

**NOTE TO USERS OF THIS FORM**:
**1)**  Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)**  The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4**)  **Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney)
who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*)  MEMORANDUM OF DECISION
was entered on the date indicated as ΑEntered@ on the first page of this judgment or order and will be served in
the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (ΑNEF@)** Β Pursuant to controlling General
Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the
court via NEF and hyperlink to the judgment or order. As of ***1/3/11***, the following person(s) are currently on the
Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the
email address(es) indicated below.

David A Akintimoye on behalf of Defendant FRENCHEE HORSLEY
attorneydavidakintimoye@yahoo.com

Sandra L Bendon (TR)
sandra.bendon@att.net, sbendon@ecf.epiqsystems.com

United States Trustee (RS)
ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was
sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the
address(es) indicated below:

Plaintiff
Tangia Dickson
507 Lassa Way
Perris, CA 92571

Debtor/Defendant
FRENCHEE LATRESE HORSLEY
24732 Moontide Lane
Moreno Valley, CA 92537

☐ Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order
which bears an ΑEntered@ stamp, the party lodging the judgment or order will serve a complete copy bearing an
ΑEntered@ stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the
entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s),
and/or email address(es) indicated below:

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                      **F 9021-1.1.NOTICE.ENTERED.ORDER**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

**F 9021-1.1.NOTICE.ENTERED.ORDER**